UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL AVILA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00222-HSG<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 55 |

Pending before the Court is Plaintiff Miguel Avila's ex parte application for a temporary restraining order. Dkt. No. 55. For the reasons detailed below, the application is DENIED.

## I.　LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order is the same as for a preliminary injunction. *Gonzalez v. Wells Fargo Bank*, No. 5:12-cv-03842, 2012 WL 3627820, at *1 (N.D. Cal. Aug. 21, 2012) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking preliminary relief must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to

1 the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the
2 [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the
3 public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**II. ANALYSIS**

On August 7, 2017, Plaintiff filed the instant ex parte application, seeking to enjoin the foreclosure sale of the property located at 36823 Olive Street, Newark, California, 94560 (the "Property"), that is scheduled for August 10, 2017. Dkt. No. 55-1 ¶ 2. Although Plaintiff brought claims against multiple Defendants, he acknowledges that Defendant Caliber Home Loans, Inc. "is the current servicer of the mortgage loan at issue" for the Property. Dkt. No. 30 ¶ 10 ("FAC"). As such, the requested temporary restraining order would enjoin Caliber from foreclosing on the Property. Plaintiff has not, however, demonstrated a likelihood of success on the merits as to Caliber. Critically, even if Plaintiff succeeded on the limited claims he alleges against Caliber, he would still not be entitled to enjoin the foreclosure sale given the applicable remedies.

Plaintiff alleges three causes of action against Caliber: (1) a violation of California's Uniform Fraudulent Transfer Act ("UFTA"), Cal Civ. Code §§ 3439 *et seq.*; (2) a violation of California's Unfair Competition Law ("UCL"), §§ 17200 *et seq.*; and (3) "declaratory relief."

Plaintiff alleges that Defendant Bank of America transferred its interest in the Property's deed of trust in 2015 "with actual intent to hinder, delay, or defraud Plaintiff," in violation of UFTA. *See* FAC ¶¶ 117–25; *see also* Cal. Civil Code § 3439.04 ("A transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."). According to Plaintiff, he was a creditor because he "had a contingent claim for damages against Bank of America" based on this pending action. FAC ¶ 115. Plaintiff alleges that Caliber acted as an agent for Bank of America as part of this "fraudulent transaction" and consequently, was "a co-conspirator and/or joint venturer." *See id.* ¶¶ 120, 123. There are several flaws with this argument.

Even if Plaintiff could establish that Bank of America is his debtor for purposes of UFTA and that he was prejudiced by the transfer, Plaintiff has not adequately alleged that Caliber acted

2

as an agent for or co-conspirator with Bank of America. Plaintiff merely alleges that Bank of America had an interest in the mortgage at issue, Bank of America then assigned that interest to U.S. Bank Trust, N.A. in 2015, Caliber recorded the assignment on behalf of Bank of America and U.S. Bank, and Caliber is the current servicer of the mortgage. FAC ¶¶ 7–10, 29. This is insufficient to hold Caliber liable as an agent to a fraudulent transfer. *See Everest Inv'rs 8 v. Whitehall Real Estate Ltd. P'ship XI*, 100 Cal. App. 4th 1102, 1107 (Cal. Ct. App. 2002) ("[U]nder the long standing 'agent's immunity rule,' absent allegations that the agent was acting on its own behalf, it cannot be held liable for conspiring with its own principal."); *cf. Ray v. Alad Corp.*, 19 Cal. 3d 22, 34 (Cal. 1977) (finding that successor or assignee liability is limited to narrow exceptions, including an express or implied agreement of assumption of liability). And even if Caliber could be held liable for violating UFTA, Plaintiff is only seeking monetary damages. *See* FAC ¶¶ 124–25 (seeking actual and punitive damages); *cf. Oiye v. Fox*, 211 Cal. App. 4th 1036, 1059 (Cal. Ct. App. 2012) ("It cannot be said that a creditor has been injured unless the transfer puts beyond [his] reach property [he] otherwise would be able to subject to the payment of [his] debt."). Plaintiff may still recover actual and punitive damages against Caliber if the Court does not enjoin the foreclosure.

Plaintiff's allegations under the UCL are derivative of his UFTA claim. He argues that Caliber violated the UCL by facilitating Bank of America's fraudulent transfer under UFTA. FAC ¶¶ 126–33. The UCL provides a cause of action for "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200. The three "prongs" of the UCL are independent of each other and may be asserted as separate claims. *CelTech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999).

As discussed above, Plaintiff has not established a likelihood of success on the merits of his UFTA claim. Accordingly, Plaintiff's UCL claim similarly fails to the extent it rests on that "unlawful" conduct. In his ex parte application, Plaintiff also suggests that Caliber acted unfairly by telling Plaintiff that he could apply for home retention and did not process his application. *See* Dkt. No. 55 at 9; *see also* FAC ¶ 30. Yet even an "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (Cal. 2003). Plaintiff does not specify any particular statutory or regulatory

provision under which Caliber's alleged conduct would be found "unfair." Plaintiff has not presented any other basis to support a UCL claim against Caliber and the Court finds he is unlikely to succeed on his stated theories.

Plaintiff's final cause of action for "declaratory relief," similarly fails. Declaratory relief is not a substantive cause of action, but rather an equitable remedy for an independent cause of action. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023, n.3 (Cal. Ct. App. 2000) ("[Equitable remedies] are dependent upon a substantive basis for liability, [and] they have no separate viability."). Because Plaintiff has not established any likelihood that his UFTA or UCL claims will succeed, there is no basis for the Court to issue declaratory relief here.

### III. CONCLUSION

Accordingly, Plaintiff has not demonstrated that such extraordinary relief is warranted and his ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: August 10, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4